UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
HENRY WYNN                                           CIV#

              Plaintiff            COMPLAINT

       -against-                          07 cv 6314 (RJH)
THE ESTATE OF RICHARD J. ALLEN
LA FORESTINE ALLEN, ADMINISTRATRIX
LA FORESTINE ALLEN, INDIVDUALLY

          Defendant(s).

-------------------------------------------------------x

      HERNY WYNN, appearing in this action by his attorneys, John Johnson &
Associates as and for his complaint against the defendants, The Estate of Richard J. Allen
and/or La Forestine Allen, Administratrix, and/or La Forestine Allen, individually states
as follows:

## PRELIMINARY STATEMENT

1. Henry Wynn is an individual residing in the State and City of New York at 229
   West 144th Street. The basis of this law suit is property located in the State and
   City of New York. The property is known as and located at 642 West 158th Street
   in New York City ( "Subject Premises"). Henry Wynn is the owner of record of
   said property, and currently is the mortgagor of said property.

2. Richard J. Allen, deceased, sold the above referenced property to Henry Wynn as
   delineated herein. On or about June 9, 2006, Richard J. Allen died. Upon
   information and belief, La Forestine Allen is the Sister of Richard J. Allen. On or
   about August 16, 2006, La Forestine Allen, applied for Letters of Administration

1

for the Estate of Richard J. Allen. On or about, October 4, 2006, the Surrogates Court of the County of New York granted the petition of La Forestine Allen, and she became Administratrix of the Estate. (Exhibit "1" Decree Granting Letters of Administration).

3. Upon information and belief, the defendant Adminstratrix is domiciled at 8400 Lyons Place, Philadelphia, Pennsylvania, and is a resident of that State. The Plaintiff is a resident of New York City, and the Subject Premises is located in New York City. The basis for jurisdiction hereunder is the diversity of citizenship pursuant to U. S. C. Section 1332(a). Additionally, the amount in controversy is over the amount of $ seventy five thousand dollars ($75,000.00) pursuant to 28 U.S.C. Section 1332(a.)

4. On or about October 1, 2001, after purportedly months of not paying his mortgage and facing foreclosure, Richard J. Allen sold the Subject Premises to Henry Wynn via Quit Claim Deed. In this sale, both parties were represented by their own attorneys. Richard J. Allen's mortgage was paid off in full and the Subject Premises was transferred to Henry Wynn by deed (Exhibit "2" Copy of the Deed and HUD-1 Settlement Statement). Mr. Wynn became the Mortgagor of the property. The current Deed and mortgage to the property remain in the name of Henry Wynn. Henry Wynn was the Brother-in-law of Richard J. Allen.

5. After purchasing the Subject Premises, Mr. Wynn allowed the plaintiff to continue living at the property. Purportedly, Richard J. Allen paid the mortgage and other expenses while living there. This situation continued for approximately 15 months.

2

6. On or about January 14, 2003, Richard J. Allen, and Richard J. Allen's attorney met with the plaintiff. Mr. Allen's attorney presented the plaintiff with a contract. The contract was drafted by Mr. Allen's attorney. The plaintiff was not represented by counsel. Mr. Allen and his counsel explained the contract to the plaintiff, and requested that he sign the agreement. The plaintiff signed the agreement trusting that his family member would not lead him down the prim rose path. Unbeknownst to the plaintiff, the agreement failed to adequately provide for the plaintiff's rights. In fact, the agreement was extremely one sided in favor of Mr. Allen.

7. Without realizing the undue influence exerted by Mr. Allen and the overwhelming conflict of interest by Mr. Allen's attorney, the plaintiff entered into the agreement. (Exhibit "3" contract between Richard J. Allen and Henry Wynn).

8. The Agreement, inter alia, provided that Henry Wynn would loan Richard J. Allen twenty thousand dollars. The Agreement did not provide for a rate of interest, or even a payment plan. The Agreement did allow Mr. Allen to pay back the loan once he sought out a mortgage to re-purchase the house from Mr. Wynn. There were no contract provisions drafted to protect the plaintiff. No time line was implemented, the agreement was based upon the whims and wishes of the Mr. Allen.

9. Had Mr. Wynn been represented by counsel, the Agreement would likely have had more common terms. Terms such as rate of interest to be paid back upon Mr. Allen's decision to re-purchase the house. The agreement likely would have had

provisions for the recession of the Agreement if Mr. Allen failed to obtain a loan to re-purchase the Subject Property. The Agreement would also have had provisions, in the event of the death of one of the parties. The Agreement would have provided that Mr. Allen act within a certain time. Needless to say, the Agreement failed to address many pertinent issues. The reason for the Agreement's failure to protect the plaintiff is that he was not represented when he entered into the Agreement, and did not fully understand that his rights were not being protected. Mr. Allen and his attorney on the other hand fully knew that they were taking advantage of the plaintiff.

10. The Agreement further provides that Richard J. Allen would own 99% of the property and Henry Wynn would own 1% of the property. Mr. Allen would receive this 99% ownership without paying a cent of consideration to Henry Wynn. In fact, as previously pointed out, the plaintiff loaned Mr. Allen $20,000.00 which has not been repaid to this date. Apparently this loan drafted by Richard Allen's attorney in violation of ethical rules, failed to include many common loan terms. Of course Mr. Allen's attorney knew or should have known that the entire Agreement was one sided. Mr. Allen's attorney failed to advise the plaintiff to seek his own counsel, and encouraged the plaintiff's signature despite the conflict.

11. Richard Allen agreed to pay all of the expenses of the property, including the mortgage while he lived there. Mr. Allen further agreed to "at the appropriate time either by way of refinance or sale relieve Henry Wynn of all future mortgage obligations". In essence this arrangement was nothing more than the plaintiff

renting the Subject Premises to Mr. Allen, with an option to purchase. Mr. Allen never exercised the option.

12. Fortuitously, the Agreement mandates that in the event that Richard Allen defaults on any mortgage payment and causes the property to be placed in foreclosure, then Henry Wynn has the authority to immediately list the property for sale, wherein this shall result in the repayment of the $20,000.00. The concomitant result is that Mr. Allen would receive a windfall since he received 99% ownership interest per the one sided Agreement drafted by his attorney.

13. After the Death of Richard J. Allen, the defendants continued to pay the mortgage until on or about October 2006. The defendants have not made a single mortgage payment since that time. The monthly mortgage amount is $2, 707.14.

14. Facing the possible decline of his credit rating, and/or foreclosure, Mr. Wynn has paid the mortgage to date, and continues to keep the mortgage current. To date, Mr. Wynn has paid out a total of approximately twenty seven thousand one hundred and eighty dollars and sixty three cents ($27, 180.63) in payment which were mandated under the agreement to be paid by Richard J. Allen. The defendants are in breach of the Agreement.

15. Additionally, Mr. Wynn is on a fixed income, and the payment of the mortgage has created an extreme hardship on his part. After paying the mortgage on the Subject Premises, Mr. Wynn is left with approximately four hundred dollars monthly to survive.

16. Mr. Wynn has contacted the defendants requesting that they pay the mortgage, or allow him to sell the property. The defendants have refused his request. In fact,

Mr. Wynn has not been allowed to enter the Subject Premises. Each month that the defendants are in breach, Mr. Wynn faces loss of his credit rating and potential homelessness.

17. The contract between Mr. Wynn and Mr. Allen is at best breached and at its worst void. The contract is one sided. It was drafted by the attorney for Richard J. Allen. Mr. Wynn was without representation when he entered into the Agreement in Mr. Allen's attorney's office. Mr. Wynn was never provided with any information from the attorney stating that a potential conflict exists. Mr. Wynn was not told that he should seek independent counsel. Instead Mr. Wynn was asked to handover 99% ownership interest in real property. Of course, Mr. Wynn was not paid for that privilege.

18. Mr. Allen failed to comply with his obligations under the contract during his lifetime. Purportedly, he never sought to relieve Mr. Wynn of the burden of holding the mortgage. In fact that burden is now haunting Mr. Wynn. Mr. Allen paid the mortgage monthly while he lived at the Subject Premises, but never took on ownership of the property. Again merely a renter with an option to purchase. This option terminated upon the death of Mr. Allen.

19. Additionally, in applying for the Letters of Administration, the defendants listed the Subject Premises as an asset of the Estate of Richard J. Allen. The value of the property was listed at two million five hundred thousand dollars or less. The Defendants failed to provide any information regarding the plaintiff's ownership of the Subject Premises, or alternatively the breached one sided Agreement between the parties.

## AS AND FOR A FIRST CAUSE OF ACTION

## UNCONSCIONABILITY

20. Plaintiff repeats and realleges each of the allegations set forth in paragraphs (1) through (19) inclusive, and by way of this reference incorporates the same as though fully set for the herein.

21. When the plaintiff entered into the alleged Agreement with Richard J. Allen, he trusted a relative, and the relatives' attorney. It never crossed the plaintiff's mind that these two people would "pull a fast one."

22. Both Richard J. Allen and his attorney were deceptive, and apparently used the family relationship to cause the plaintiff to enter into such a one sided agreement.

23. The plaintiff does not have the, experience, education or legal background to have negotiated a better deal. Richard J. Allen had superior bargaining power in the transaction, that's why he had his attorney draft the Agreement.

24. Clearly the agreement between the parties is not an "arms-length" transaction. Mr. Allen acquired 99% interest in the property without paying any consideration for the transfer of rights. Mr. Allen received a $20,000.00 loan with an unlimited time to repay it, and no interest payments. The bargain struck is grossly unfair, violates ethical rules, and is unconscionable. Again, Mr. Wynn was duped into giving away 99% interest in the Subject Premises, yet received no consideration for such a transfer.

25. Therefore the plaintiff seeks a declaration and Order of this Court voiding the Agreement between Richard J. Allen and Henry Wynn, and returning one hundred percent (100%) ownership interest to Henry Wynn. Alternatively, the

plaintiff seeks a declaration and Order confirming that the contract is voidable at the option of Henry Wynn.

## AS AND FOR A SECOND CAUSE OF ACTION

## RESCISSION

26. Plaintiff repeats and realleges each of the allegations set forth in paragraphs (1) through (25) inclusive, and by way of this reference incorporates the same as though fully set for the herein.

27. The plaintiff entered into the one sided Agreement without the benefit of counsel. Richard J. Allen and his attorney took full advantage of the plaintiff's naïveté. The plaintiff's never suspected that his Brother-in-Law and his attorney would take advantage of him. The appearance of trust was used by the defendants to induce the plaintiff to execute the Agreement.

28. Has the plaintiff been afforded the opportunity to hire his own counsel, or at least been told that there was a potential conflict, he would not have signed the Agreement as presented by Richard J. Allen's attorney. Plaintiff relied upon his in-law, and a respected member of the Bar.

29. Richard J. Allen and the defendants should have known that the plaintiff would rely on the special family relationship, and the appearance of propriety given by Mr. Allen's attorney. In essence, Mr. Wynn was swindled out of his property, yet left holding the mortgage bag.

30. The Agreement between the defendants – entered into by Richard J. Allen- is inequitable. The Estate now seeks to sell the property out from under the plaintiff. The Estate made no mention of Henry Wynn in its Surrogates Court

papers. The Estate made no mention that anyone other than Richard J. Allen owns a percentage of the Subject Premises. The failure to list the plaintiff as Owner of the property demonstrates the lengths the defendants will go to further their deception.

31. The actions of Richard J. Allen, his attorney and the Administratrix are unethical. The actions taken by Mr. Allen and his attorney constitute a misrepresentation, and denial of the plaintiff's legal rights. The failure of the Administratrix to include Henry Allen in the Surrogates Court Paper work represents a fraud on the Court. The plaintiff has commenced this action within the time period required by law, and seeks the equitable remedy of recession.

**32.** The plaintiff prays that the Court rescind the Agreement entered into by Richard J. Allen and the plaintiff, thereby returning full ownership of the Subject Premises to the plaintiff.

## AS AND FOR A THIRD AND ALTERNATIVE CAUSE OF ACTION
## BREACH OF CONTRACT

33. Plaintiff repeats and realleges each of the allegations set forth in paragraphs (1) through (32) inclusive, and by way of this reference incorporates the same as though fully set for the herein.

34. The parties entered into an Agreement. If the Agreement is held to be valid - plaintiff prays that it is not a valid agreement- it mandates that Richard J. Allen make the mortgage payments on the Subject Premises on a monthly basis. The

Agreement further mandates that in the event of Richard J. Allen's Breach of the Agreement, Henry Wynn has the right to "immediately list the property for sale."

35. The defendants have defaulted in making the mortgage payments on the property as required by the purported Agreement. The plaintiff has sustained damages to date in the amount of $27, 180.63. These damages escalate each and every month that Henry Wynn is forced to pay the mortgage to avoid having his credit rating ruined due to the defendants' breach.

36. The plaintiff seeks damages in an amount to be determined at trial based upon his payment of the mortgage, each month these damages escalate due to the fact that another mortgage payment becomes due.

37. The defendants have also failed to repay the $20,000.00 loaned to Richard J. Allen. The plaintiff seeks the immediate re-payment of said amount with interest thereon. The fact that the defendants used deception and other tactics to induce the loan; they should not be rewarded for such acts. The plaintiff seeks a Judgment and Order including interest on the $20,000.00 in an amount to be determined by the Court

38. In addition the plaintiff seeks consequential damages in an amount to be determined at trial. The basis for the request of such damages is the fact that Mr. Wynn may likely be forced in to a situation where he becomes delinquent on his own bills due to the defendants' breach. The defendants should have foreseen the fact that their failure to adhere to the terms and conditions of the contract would affect Mr. Wynn's personal finances.

**AS AND FOR A FOURTH AND ALTERNATIVE CAUSE OF ACTION**

## PARTITION/SALE

39. Plaintiff repeats and realleges each of the allegations set forth in paragraphs (1) through (38) inclusive, and by way of this reference incorporates the same as though fully set for the herein.

40. In the event that the court finds that a valid contract exists between the parties hereto, the plaintiff seeks partition.  The plaintiff asks that the court determine the percentage of ownership of each party to the contract.  The plaintiff further asks that the Court issue an Order mandating that the property be sold forthwith by the plaintiff or a Realtor of his choice, and that each party to the contract be paid their share of the proceeds of such sale.  Mr. Wynn's financial situation is fragile and the plaintiff seeks the immediate sale of the property.

41. In Addition, upon the sale of the property Henry Wynn is to be repaid the sum of twenty thousand dollars "off the top" of the sale of the property with interest thereon to satisfy his loan to the Richard J. Allen.

### AS AND FOR A FIFTH AND ALTERNATIVE CAUSE OF ACTION

### FAILURE OF CONSIDERATION

42. Plaintiff repeats and realleges each of the allegations set forth in paragraphs (1) through (41) inclusive, and by way of this reference incorporates the same as though fully set for the herein.

43. If Agreement between plaintiff and defendant is not void, voidable, or rescindable as requested above, the contract must be declared void for failure of consideration.

44. During his lifetime Richard J. Allen was able to acquire 99% interest in a New York City Brownstone without legal detriment. A contract fails where there is no consideration. The defendants paid the mortgage, for the privilege of living at the Subject Premises. Mr. Wynn never received anything in exchange for giving away 99% interest in the Subject Property. The Agreement notwithstanding, he is now stuck paying the mortgage.

45. The Agreement between the parties has a host of problems, yet one of the most glaring is the fact that no consideration was exchanged for the defendants' ownership interest.

46. The plaintiff seeks a decision and/or Order of the Court finding that the Agreement between the parties fails for lack of consideration; that the Agreement is invalid; and Henry Wynn is the sole owner of 100% interest in the property in fee simple.

### AS AND FOR A SIXTH AND ALTERNATIVE CAUSE OF ACTION
### NO MEETING OF THE MINDS

47. Plaintiff repeats and realleges each of the allegations set forth in paragraphs (1) through (46) inclusive, and by way of this reference incorporates the same as though fully set for the herein.

48. Clearly, the parties never had a meeting of the minds. There are so many material terms which were left out of this Agreement. Just the simple fact that the Agreement, drafted by the defendants' lawyer fails to mention what happens in the event of the Death of one of the parties demonstrates this fact.

49. Mr. Allen and/or the defendants' understood that they were getting an ownership of the property without holding the mortgage or deed. Leaving the legal responsibility on the plaintiff. This fact was not disclosed by Mr. Allen, the defendant's or their attorney.

50. The plaintiff, believed that his rights were protected and that he was merely giving his in-law a chance to buy back the property. The plaintiff clearly did not think that the property would be just given to the defendants.

51. This failure of the parties to agree on the material terms of the contract makes the Agreement invalid. The plaintiff seeks a judgment and decision of the Court declaring the Agreement to be invalid, and establishing that the plaintiff is 100% owner of the property with full rights of alienation.

## AS AND FOR A SEVENTH CAUSE OF ACTION

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

52. Plaintiff repeats and realleges each of the allegations set forth in paragraphs (1) through (51) inclusive, and by way of this reference incorporates the same as though fully set for the herein.

53. The defendants and/or their attorney were required to act in a reasonable manner with respect to the interest of the plaintiff. Instead the Deceased Richard J. Allen, asked his attorney to draft the Agreement between the parties, knowing that the plaintiff would not be represented by counsel. The Deceased Richard J. Allen, in inducing the plaintiff to sign the agreement, made sure that be obtained rights and interest in the property that were superior to the plaintiffs'.

54. To add insult to injury, the defendants then denied the plaintiff the right to sell the property after they breached the agreement. The defendants failed to list the plaintiff as the owner, or part owner of the property in their application for Letters of Administration.

55. The conduct by the defendants is wholly disingenuous. Therefore, the defendants have breached the implied covenant of good faith and fair dealing. The defendant seeks damages in an amount to be determined at trial for the breach of this covenant.

AS AND FOR AN EIGHTH ALTERNATIVE CAUSE OF ACTION

MISREPRENSENTATION/NEGLIGENT MISREPRESENTATION

56. Plaintiff repeats and realleges each of the allegations set forth in paragraphs (1) through (55) inclusive, and by way of this reference incorporates the same as though fully set for the herein.

57. The defendants knew or should have known that the plaintiff was the Owner in fact of the Subject Premises. Alternatively, the defendants knew or should have known that the plaintiff owned a percentage of the property. Additionally, and as part of pleading in the alternative, the defendants also knew or should have known that the plaintiff had the legal right pursuant to the contract between them to sell the property in the event of breach.

58. Notwithstanding the facts in the foregoing paragraph the defendants applied for letters of administration. In the application for those letters the defendants materially misrepresented the ownership of the property to the Surrogates Court of New York County. The defendants informed the court that they were one

hundred percent owners of the property. This statement defrauded the court and the public to whom they seek to sell the property.

59. In furtherance of the defendants' scheme, the defendants knowing the situation with the property have refused to speak to the plaintiff, or acknowledge his ownership. In fact, since they have the fraudulently obtained Letter of Administration, the defendants have placed the property on the market and are trying to sell the property without the plaintiff's consent, knowledge or participation.

60. Upon information and belief the defendants would stand to profit in the amount of $2,500,000.00. If allowed to sell this property the defendants based upon the fraudulently obtained letters, the plaintiff would be left out in the cold.

61. The plaintiff has been damaged in that the plaintiff has not been allowed to sell his own property; however, the plaintiff must continue to pay the mortgage to his detriment. He is unable to sell the Subject Premises, yet he must pay the mortgage, in contravention of the Agreement. Alternatively, without the fraudulently obtained Letters of Administration, the plaintiff would be free to sell the Subject Premises as the owner.

62. Wherefore the plaintiff seeks damages in an amount to be determined at trial for the loss of income suffered due to the plaintiff's payment of the mortgage and/or his in ability to sell the property.

**WHERFORE,** the plaintiff prays that the court grant the relief requested herein, specifically, rescinding the agreement between the parties, or finding it other wise void, and declaring the plaintiff as owner in fee simple absolute. Alternatively, ordering the sale of the property pursuant to the Agreement between the parties, apportioning damages and costs, including reasonable attorneys fees to the plaintiff based upon the defendants breach, and such other and further relief as the Court may deem just and proper.

Dated  July 5, 2007
       New York, New York

                                        John Johnson, Esq. (4170)
                                        John Johnson & Associates
                                        225 Broadway, Suite 700
                                        New York, New York 10007
                                        212-566-3019

**VERIFICATION**

STATE OF NEW YORK   )
COUNTY OF NEW YORK  )    SS.:

HENRY WYNN, being duly sworn, state that I am the plaintiff in this action and that I am authorized to bring this action. I have read the foregoing Summons and complaint and the contents thereof are true to my own knowledge, and except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.    This verification is made pursuant to CPLR and/or The Federal Rules of Civil Procedure.

_____

Henry Wynn

SWORN TO BEFORE ME THIS

    DAY OF June 2007

_____

    NOTARY

17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
HENRY WYNN                                              CIV#

                Plaintiff                        SUMMONS

        -against-
THE ESTATE OF RICHARD J. ALLEN
LA FORESTINE ALLEN, ADMINISTRATRIX
LA FORESTINE ALLEN, INDIVDUALLY

            Defendant(s).

------------------------------------------------------x

TO THE ABOVE NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** and required to serve upon the plaintiff's

attorney, JOHN JOHNSON & ASSOCIATES, an answer to the complaint in this action

within twenty (20) days after the service of this summons, exclusive of the day of service,

or within thirty (30) days after service is complete if this summons is not personally

delivered to you within the State of New York.  In case of your failure to answer,

judgment will be taken against you by default for the relief demanded in the complaint.

Dated: July 5, 2007
      New York, New York

                              _____
                              John Johnson & Associates
                              By: John Johnson
                              Attorneys for the plaintiff
                              225 Broadway, Suite 700
                              New York, New York 10007
                              212-566-3019

File No. A_____ 3538 , 2006
the Surrogate's Court of the County of New York,
held at the Surrogate's Court of the County of
New York on the 4TH day of October , 2006

Present:     KRISTIN BOOTH GLEN

        Honorable

                Surrogate.

---

Proceeding for Letters of Administration,
Estate of

RICHARD J. ALLEN aka

RICHARD JUDGE ALLEN

              Deceased.

**Decree Granting Letters
of Administration**

---

Upon reading and filing the petition of LaForestine Allen verified the 16th day of August , 2006 , it is

ORDERED AND DECREED that letters of administration of the goods, chattels and credits which were of the above-named decedent be and the same are hereby awarded to                          LaForestine Allen

who appears to be entitled thereto, upon *h er* ~~executing a bond according to law, with~~ ~~sufficient sureties, in the sum of~~ ~~Dollars and otherwise~~ qualifying according to law.

_____
Surrogate

**New York State Surrogate's Court**
**NYSBA** New York State Bar Association Official OCA Forms

Form A-1
Petition for Letters of Administration

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF **NEW YORK**

| | |
|---|---|
| Filing Fee Paid | $ _____ |
| _____ Certs | $ _____ |
| _____ Certs | $ _____ |
| $ _____ Bond, Fee: | $ _____ |
| Receipt No.: _____ | No.: _____ |

ADMINISTRATION PROCEEDING, ESTATE OF

RICHARD J. ALLEN

a/k/a

RICHARD JUDGE ALLEN

Deceased.

PETITION FOR LETTERS OF:

[X] Administration

[ ] Limited Administration

[ ] Administration with Limitations

[ ] Temporary Administration

File No. **2006-3538**

TO THE SURROGATE'S COURT, COUNTY OF **NEW YORK** _____

It is respectfully alleged:

1. The name, domicile and interest in this proceeding of the petitioner, who is of full age, is as follows:

**Petitioner Information:**

| Name | | | |
|---|---|---|---|
| **LaForestine Allen** | | | Citizen of **United States** |
| Domicile Address: Street and Number | | | |
| **8400 Lyons Place** | | | |
| City, Village or Town | State/Province | ZIP Code | Country |
| **Philadelphia** | **Pennsylvania** | **19153** | **United States** |
| County | Telephone Number **(215) 833-7712** | | |
| Mailing Address: Street and Number (If different from domicile) | | | |
| City, Village or Town | State/Province | ZIP Code | Country |

Interest: (Check One)   [X] Distributee **Sister**              [ ] Other

| Name | | | |
|---|---|---|---|
| | | | Citizen of |
| Domicile Address: Street and Number | | | |
| City, Village or Town | State/Province | ZIP Code | Country |
| County | Telephone Number | | |
| Mailing Address: Street and Number (If different from domicile) | | | |
| City, Village or Town | State/Province | ZIP Code | Country |

Interest: (Check One)   [ ] Distributee              [ ] Other

Is proposed Administrator an attorney? [ ] Yes [X] No    [If yes, submit statement pursuant to 22 NYCRR 207.16(e); see also 207.52 (Accounting of attorney-fiduciary).]

2. The name, domicile, date and place of death, and national citizenship of the above-named decedent are as follows:

**Decedent Information:**

| Name | | | |
|---|---|---|---|
| Richard J. Allen | *a/c/s* *Richard Jules Allen* | | Citizen of **United States** |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| **642 West 158th Street** | | | |

| City, Village or Town | State/Province | ZIP Code | Country |
|---|---|---|---|
| **New York** | **New York** | **10032** | **United States** |

| County | Date of Death | Place of Death |
|---|---|---|
| **New York** | **June 9 2006** | **Mount Vernon Hospital** |

**The Death Certificate must be filed with this proceeding.** If the decedent's domicile is different from that shown on the death certificate, check box ☐ and attach an affidavit explaining the reason for this inconsistency.

3. The estimated gross value of: *[Do not include any assets that are jointly held in trust for another, or have a named beneficiary.]*

| | | |
|---|---|---|
| (a) The decedent's personal property passing by intestacy is less than | $ | 10,000 |
| (b) The decedent's real property, in this state, which is | | |
| Improved, passing by intestacy, is less than | $ | 2,500,000 |
| Description of each parcel: **642 West 158th St. New York, NY (Townhouse)** | | |
| Unimproved, passing by intestacy, is less than | $ | 0 |
| Description of each parcel: **None** | | |
| | $ | 2,500,000.00 |
| (c) The estimated gross rent for a period of eighteen (18) months is the sum of | $ | 0 |

8. There are no outstanding debts or funeral expenses, except:    [X] None

9. There are no other persons interested in this proceeding other than those hereinbefore mentioned.

WHEREFORE, your petitioner respectfully prays that:

☐ a. Process issue to all necessary parties to show cause why letters should not be issued as requested;

☐ b. An order be granted dispensing with service of process upon those persons named in Paragraph (7) who have a right to letters prior or equal to that of the person nominated, and who are nondomiciliaries or whose names or whereabouts are unknown and cannot be ascertained;

[X] c. A decree award Letters of:

    [X] Administration to
    __LaForestine Allen__

    ☐ Limited Administration to

    ☐ Administration with Limitation to

    ☐ Temporary Administration to

or other such person or persons having prior right as may be entitled thereto, and;

☐ d. That the authority of the representative under the foregoing Letters be limited with respect to the prosecution or enforcement of a cause of action on behalf of the estate, as follows: the administrator(s) may not enforce a judgment or receive any funds without further order of the Surrogate.

☐ e. That the authority of the representative under the foregoing Letters be limited as follows:

☐ f. Further relief sought (if any):

Dated: _August 16, 2006_

_LaForestine C. Allen_
Signature of Petitioner

**LaForestine Allen**
Print Name

_____
Name of Corporate Petitioner

By _____
   Signature

_____
Signature of Petitioner

_____
Print Name

## COMBINED VERIFICATION, OATH AND DESIGNATION
*For use when petitioner is to be appointed administrator*

STATE OF <u>NEW YORK</u>

COUNTY OF <u>NEW YORK</u>                    } ss.:

I, the undersigned, the petitioner named in the foregoing petition, being duly sworn, say:

1. VERIFICATION: I have read the foregoing petition subscribed by me and know the contents thereof, and the same is true of my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

2. OATH OF ADMINISTRATOR as indicated above: I am over eighteen (18) years of age and a citizen of the United States; and I will well, faithfully and honestly discharge the duties of Administrator of the goods, chattels and credits of said decedent according to law. I am not ineligible to receive letters and will duly account for all moneys and other property that will come into my hands.

3. DESIGNATION OF CLERK FOR SERVICE OF PROCESS: I do hereby designate the Clerk of the Surrogate's Court of _____ **New York** _____ County, and his/her successor in office, as a person on whom service of any process, issuing from such Surrogate's Court may be made in like manner and with like effect as if it were served personally upon me, whenever I cannot be found and served within the State of New York after due diligence used.

My domicile is: <u>8400 Lyons Place, Philadelphia, Pennsylvania 19153</u>

_____
Signature of Petitioner

**LaForestine Allen**
Print Name

On _____ *Ag. 16, 2006* _____, before me, the undersigned, personally appeared _____ **LaForestine Allen** _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Sworn to before me this
___ 16 ___ day of _____

_____
Notary Public
Commission Expires:
(Affix Notary Stamp or Seal)

STEVEN KAY
Notary Public, State of New York
No. 02KA6049480
Qualified in New York County
Commission Expires November 20, 2006

_____
Signature of Attorney

**Kozupsky & Associates**
Firm

**Steven L. Kay**
Print Name of Attorney

**(212) 686-3636**
Tel. No.

REGISTER NUMBER

**1. NAME: FIRST** Richard **MIDDLE** Judge **LAST** Allen

**2. SEX:** MALE ☒ 1 FEMALE ☐ 2

**3A. DATE OF DEATH:** MONTH 06 DAY 09 YEAR 2006 **3B. HOUR:** 10:35 P m

**4A. PLACE OF DEATH:** (Check one) HOSPITAL DOA ☐ HOSPITAL ER ☐ HOSPITAL OUTPATIENT ☐ HOSPITAL INPATIENT ☒ NURSING HOME ☐ PRIVATE RESIDENCE ☐ HOSPICE FACILITY ☐ OTHER (Specify) ☐

**4B. IF FACILITY, DATE ADMITTED:** MONTH 06 DAY 07 YEAR 2006

**4C. NAME OF FACILITY:** (If not facility, give address) MT. VERNON HOSPITAL

**4D. LOCALITY:** (Check one and specify) CITY ☒ VILLAGE ☐ TOWN ☐ MT. VERNON

**4E. COUNTY OR DEATH:** WESTCHESTER

**4F. MEDICAL RECORD NO.** 303089 **4G. WAS DECEDENT TRANSFERRED FROM ANOTHER INSTITUTION?** (If yes, specify institution name, city and county, and state) NO ☐ YES ☒ Westchester Center for Rehabilitation and Nursing

**5. DATE OF BIRTH:** MONTH 08 DAY 21 YEAR 1936

**6A. AGE IN YEARS:** 69 yrs. **6B. IF UNDER 1 YEAR, ENTER:** months / days **6C. IF UNDER 1 DAY, ENTER:** hours / minutes

**7A. CITY AND STATE OF BIRTH:** (If not USA, Country and Region/Province) Sanford, Florida

**7B. IF AGE UNDER 1 YEAR, NAME OF HOSPITAL OF BIRTH:**

**8. SERVED IN U.S. ARMED FORCES?** (specify years) NO ☐ 0 YES ☒ 1

**9. DECEDENT OF HISPANIC ORIGIN?** Check the boxes that best describe whether the decedent is a Spanish/Hispanic/Latino
A ☒ No, not Spanish/Hispanic/Latino
B ☐ Yes, Mexican, Mexican American, Chicano
C ☐ Yes, Puerto Rican
D ☐ Yes, Cuban
E ☐ Yes, Other Spanish/Hispanic/Latino (Specify)

**10. DECEDENT'S RACE:** Check one or more boxes to indicate what the decedent considered himself or herself to be
A ☐ White/Caucasian
B ☒ Black or African American
C ☐ Asian Indian
D ☐ Chinese
E ☐ Filipino
F ☐ Japanese
G ☐ Korean
H ☐ Vietnamese
J ☐ Native Hawaiian
K ☐ Guamanian or Chamorro
M ☐ Samoan
N ☐ American Indian or Alaska Native (specify)
P ☐ Other Asian (specify)
R ☐ Other Pacific Islander (specify)
S ☐ Other (specify)

**11. DECEDENT'S EDUCATION:**
1 ☐ 8th grade
2 ☐ 9th-12th grade; no diploma
3 ☐ High school graduate or GED
4 ☒ Some college credit, but no degree
5 ☐ Associate's degree
6 ☐ Bachelor's degree
7 ☐ Master's degree
8 ☐ Doctorate/Professional degree

**12. SOCIAL SECURITY NUMBER:** 199-28-51(?)

**13. MARITAL STATUS:** NEVER MARRIED ☒ MARRIED ☐ 2 WIDOWED ☐ 3 DIVORCED ☐ 4 SEPARATED ☐ 5

**14. SURVIVING SPOUSE:** Enter name if married or separated. If surviving spouse is wife, enter maiden name.

**15A. USUAL OCCUPATION:** (Do not enter retired) OFFICE MANAGER

**15B. KIND OF BUSINESS OR INDUSTRY:** JEWELRY BUSINESS

**15C. NAME AND LOCALITY OF COMPANY OR FIRM:**

**16A. RESIDENCE:** (State or County if not USA) NEW YORK

**16B. County or Region/Province** if not USA: NEW YORK

**16C. LOCALITY:** (Check one and specify) CITY ☒ VILLAGE ☐ TOWN ☐ NEW YORK

**16F. IF CITY OR VILLAGE, IS RESIDENCE WITHIN CITY OR VILLAGE LIMITS?** YES ☐ NO ☐ IF NO, SPECIFY TOWN:

**16D. NUMBER AND STREET OF RESIDENCE:** 642 WEST 158th STREET

**16E. ZIP CODE:** 10032

**17. NAME OF FATHER:** FIRST David MI Joseph LAST Allen

**18. MAIDEN NAME OF MOTHER:** FIRST Naomi MI Ida LAST Jackson

**19A. NAME OF INFORMANT:** Laforestine C. Allen

**19B. MAILING ADDRESS:** (include zip code) 8400 Lyons Place Philadelphia, PA 19153

**20A. TYPE:** BURIAL ☐ CREMATION ☒ REMOVAL ☐ OTHER ☐ **20B. PLACE OF BURIAL, CREMATION, REMOVAL OR OTHER DISPOSITION:** Oxford Hills Crematory **20C. LOCATION:** (City or town and state) Chester New York

**20A.1 DATE:** MONTH 06 DAY 13 YEAR 2006

**21A. NAME AND ADDRESS OF FUNERAL HOME:** Lee O. Wood Funeral Home - 23 East 2nd Street Mt. Vernon 10550

**21B. REGISTRATION NUMBER:** 01074

**22A. NAME OF FUNERAL DIRECTOR:** Richard W. Ransom **22B. SIGNATURE OF FUNERAL DIRECTOR:** **22C. REGISTRATION NUMBER:** 04403

**23A. SIGNATURE OF REGISTRAR:** **23B. DATE FILED:** MONTH 06 DAY 13 YEAR 06 **24A. BURIAL OR REMOVAL PERMIT ISSUED BY:** **24B. DATE ISSUED:** MONTH 06 DAY 13 YEAR 06

ITEMS 25 THRU 33 COMPLETED BY CERTIFYING PHYSICIAN — OR — CORONER/CORONER'S PHYSICIAN OR MEDICAL EXAMINER

**25A. CERTIFICATION:** To the best of my knowledge, death occurred at the time, date and place and due to the causes stated.

**Certifier's Name:** Christopher Adubor **License No.:** 192587 **Signature:** **Month** 6 **Day** 12 **Year** 06

**Certifier's Title:** 0 ☒ Attending Physician 1 ☐ Physician acting on behalf of Attending Physician **Address:** 153 Steven Avenue #4, Mount Vernon NY 1030
2 ☐ Coroner 3 ☐ Medical Examiner / Deputy Medical Examiner

**25B. If coroner is not a physician, enter Coroner's Physician's name & title:** **License No.:** **Signature:**

**25C. If certifier is not attending physician, enter Attending Physician's name & title:** **License No.:**

**26A. Attending physician attended decedent:** FROM MONTH 02 DAY 20 YEAR 2006 TO MONTH 6 DAY 9 YEAR 2006

**26B. Deceased last seen alive by attending physician:** MONTH 6 DAY 9 YEAR 2006

**26C. Pronounced Dead by M.E.:** MONTH 6 DAY 9 YEAR 2006 **Time:** 10:35 P m

**27. MANNER OF DEATH:** NATURAL CAUSE ☒ 1 ACCIDENT ☐ 2 HOMICIDE ☐ 3 SUICIDE ☐ 4 UNDETERMINED CIRCUMSTANCES ☐ 5 PENDING INVESTIGATION ☐ 6

**28. WAS CASE REFERRED TO CORONER OR MEDICAL EXAMINER?** NO ☒ 0 YES ☐ 1

**29A. AUTOPSY?** NO ☐ 0 YES ☐ 1 REFUSED ☐

**29B. IF YES, WERE FINDINGS USED TO DETERMINE CAUSE OF DEATH?** 0 ☐ NO 1 ☐ YES

**30. DEATH WAS CAUSED BY:** (ENTER ONLY ONE CAUSE PER LINE FOR (A), (B), AND (C).)

CONFIDENTIAL   SEE INSTRUCTION SHEET FOR COMPLETING CAUSE OF DEATH   CONFIDENTIAL

**PART I. IMMEDIATE CAUSE:**
(A) SEPSIS
DUE TO OR AS A CONSEQUENCE OF:
(B) MYOCARDIAL INFARCTION
DUE TO OR AS A CONSEQUENCE OF:
(C) END STAGE KIDNEY DISEASE

**APPROXIMATE INTERVAL BETWEEN ONSET AND DEATH**

**PART II. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RELATED TO CAUSE GIVEN IN PART I (A):** STROKE

**DID TOBACCO USE CONTRIBUTE TO DEATH?** 0 ☐ NO 1 ☐ YES 2 ☐ PROBABLY 9 ☒ UNKNOWN

**31A. INJURY DATE:** MONTH / DAY / YEAR **HOUR:** m **31B. INJURY LOCALITY:** (City or town and county and state) **31C. DESCRIBE HOW INJURY OCCURRED:** **31D. PLACE OF INJURY:** **31E. INJURY AT WORK?** NO ☐ YES ☐

**31F. IF TRANSPORTATION INJURY, SPECIFY:** **32. WAS DECEDENT** **33A. IF FEMALE:** **33B. DATE OF DELIVERY**

*(left margin, vertical)* ALLEN RICHARD DATE OF DEATH 6/9/06

*(far left margin, vertical)* NAME: ALLEN RICHARD 10:35 AM DATE OF DEATH 6/9/06

## FAMILY TREE CHART

U.C.R. 207.16(c) THIS AFFIDAVIT MUST BE SUBMITTED BY A DISINTERESTED PERSON. IF ONLY ONE DISTRIBUTEE SURVIVES THE DECEDENT, PROOF *MAY NOT* BE GIVEN BY THE SPOUSE, OR CHILDREN OF THE SOLE DISTRIBUTEE.

TO: THE SURROGATE'S COURT - STATE OF NEW YORK - COUNTY OF NEW YORK

Name of the Decedent: Richard Judge Allen

Date: _____    Estate File Number: _____

State of PA    County of Philadelphia

I, Carl Brown _____ Being Duly Sworn, Depose and Say:

My Domicile Is: 1754 W. Grange Ave. Philadelphia PA 19130

My Daytime Phone Number Is: (215) 9w-3776

## THIS FAMILY TREE CHART IS MADE UNDER THE PENALTIES OF PERJURY

RELATIONSHIP TO THE DECEDENT AND BASIS OF YOUR KNOWLEDGE OF THE FAMILY TREE OF THE DECEDENT: I am the decedent's friend

THE NAME / NAMES OF THE DECEDENT: Richard Judge Allen

MARITAL STATUS OF THE DECEDENT AT THE TIME OF DEATH: Single

STATE THE NUMBER OF TIMES THE DECEDENT WAS MARRIED DURING HIS/HER LIFETIME: 0

STATE HOW THE MARRIAGES WERE TERMINATED: NA

IF THE MARRIAGE ENDED DUE TO THE DEATH OF A SPOUSE LIST THE NAME AND DATE OF DEATH OF THE PREDECEASED SPOUSE: NA

IF THE DECEDENT WAS DIVORCED LIST BELOW NAMES OF THE EX-SPOUSE(S): NA

DID THE DECEDENT EVER ENTER INTO ANY VALID COMMON-LAW MARRIAGES? NO

STATE THE NAME OF THE SURVIVING SPOUSE OF THE DECEDENT (if none, please so state) NONE

LIST ALL THE CHILDREN OF THE DECEDENT (you must include all legitimate, non-marital and adopted children)

NAMES: (list by name, if NONE, please so state):    DATE OF DEATH (if applicable)

NONE

7. The decedent left surviving the following distributees, or other necessary parties, whose names, degrees of relationship, domiciles, post office addresses and citizenship are as follows: *[Show clearly how each person is related to decedent. If relationship is through an ancestor who is deceased, give name, date of death and relationship of the ancestor to the decedent. See Uniform Rules 207.16(b). If person is a nonmarital person, or descended from a nonmarital person, attach a copy of the order of filiation or Schedule A. If person was adopted by any persons related by blood or marriage to decedent or descended from such persons, attach Schedule B.]*

7. (a) The following are of full age and under no disability:

☐ Schedule A — Nonmarital Persons (Persons Born Out of Wedlock) is Attached

☐ Schedule B — Issue of the Decedent Who Were the Subject of an Adoption is Attached

| Name | | | | |
|---|---|---|---|---|
| **LaForestine Allen** | | | Citizenship | **United States** |
| Domicile Address: Street and Number | | | | |
| **8400 Lyons Place** | | | | |
| City, Village or Town | State | ZIP Code | Country | |
| **Philadelphia** | **Pennsylvania** | 19153 | **United States** | |
| Mailing Address: Street and Number | | | | |
| City, Village or Town | State | ZIP Code | Country | |
| Relationship | | | | |
| **Sister** | | | | |

| Name | | | | |
|---|---|---|---|---|
| | | | Citizenship | |
| Domicile Address: Street and Number | | | | |
| City, Village or Town | State | ZIP Code | Country | |
| Mailing Address: Street and Number | | | | |
| City, Village or Town | State | ZIP Code | Country | |
| Relationship | | | | |

| Name | | | | |
|---|---|---|---|---|
| | | | Citizenship | |
| Domicile Address: Street and Number | | | | |
| City, Village or Town | State | ZIP Code | Country | |
| Mailing Address: Street and Number | | | | |
| City, Village or Town | State | ZIP Code | Country | |
| Relationship | | | | |

| Name | | | | |
|---|---|---|---|---|
| | | | Citizenship | |
| Domicile Address: Street and Number | | | | |
| City, Village or Town | State | ZIP Code | Country | |
| Mailing Address: Street and Number | | | | |
| City, Village or Town | State | ZIP Code | Country | |
| Relationship | | | | |

(2)

**LIST ALL THE GRAND CHILDREN OF THE DECEDENT <u>AND</u> QUALIFY THE RELATIONSHIP OF ANY GRANDCHILD BY INDICATING THAT THEY ARE THE CHILDREN OF** _____

NAMES: (list by name, if NONE, please so state):                    **DATE OF DEATH** (if applicable)

*NONE*

**LIST ALL THE GREAT GRANDCHILDREN OF THE DECEDENT <u>AND</u> QUALIFY THE RELATIONSHIP OF ANY GREAT GRANDCHILD BY INDICATING THAT THEY ARE THE CHILDREN OF** _____

NAMES: (list by name, if NONE, please so state):                    **DATE OF DEATH** (if applicable)

*NONE*

**LIST THE PARENTS OF THE DECEDENT:**

MOTHER: *NAOMi IDA JACKSON*          **DATE OF DEATH** (if applicable) *11/2/93*

FATHER: *DAVID JOSEPH AlleN*          **DATE OF DEATH** (if applicable) *10/ /86*

**LIST ALL THE BROTHERS AND SISTERS OF THE DECEDENT** (include those of the whole and half blood)

NAMES: (list by name, if NONE, please so state):                    **DATE OF DEATH** (if applicable)

*LA FoResTiNe C Allen*                              *NA*

**LIST ALL THE NIECES AND NEPHEWS OF THE DECEDENT <u>AND</u> QUALIFY THE RELATIONSHIP OF ANY NIECE OR NEPHEW BY INDICATING THAT THEY ARE THE CHILDREN OF** _____

NAMES: (list by name, if NONE, please so state):                    **DATE OF DEATH** (if applicable)

*LAForestiNe LyDiA Smith, daughter of LAForestiNe C. Allen*   *4/29/96*

**LIST ALL THE GRANDNIECES AND GRANDNEPHEWS OF THE DECEDENT <u>AND</u> QUALIFY THE RELATIONSHIP OF ANY GRANDNIECE OR GRANDNEPHEW BY INDICATING THAT THEY ARE THE CHILDREN OF** _____

NAMES: (list by name, if NONE, please so state):                    **DATE OF DEATH** (if applicable)

*NoNe*

LIST THE MATERNAL <u>AND</u> PATERNAL GRANDPARENTS OF THE DECEDENT:

NAMES OF MATERNAL GRANDPARENTS:                          DATE OF DEATH (if applicable)

NAMES OF PATERNAL GRANDPARENTS:                          DATE OF DEATH (if applicable)

LIST ALL THE MATERNAL AUNTS <u>AND</u> UNCLES OF THE DECEDENT: [if NONE, please so state]
NAMES:                                                   DATE OF DEATH (if applicable)

LIST ALL THE PATERNAL AUNTS <u>AND</u> UNCLES OF THE DECEDENT: [if NONE, please so state]
NAMES:                                                   DATE OF DEATH (if applicable)

LIST ALL THE FIRST COUSINS OF THE DECEDENT <u>AND</u> QUALIFY THE RELATIONSHIP OF ANY
FIRST COUSIN BY INDICATING THAT THEY ARE THE CHILDREN OF _____

MATERNAL FIRST COUSINS (list by name, if NONE, please so state):    DATE OF DEATH (if applicable)

PATERNAL FIRST COUSINS (list by name, if NONE, please so state):    DATE OF DEATH (if applicable)

Signature  *Carl Brown*

*CARL BROWN*
(Print Your Name)

SWORN TO BEFORE ME THIS 25th DAY

OF _August_  20 06

_Desiree Vincent_
(NOTARY PUBLIC)

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Desiree Vincent, Notary Public
City Of Philadelphia, Philadelphia County
My Commission Expires July 12, 2008
Member, Pennsylvania Association Of Notaries

Filing Fee $ 1250.00

Estate Value $ 10,000 pp + 2,500,000 r p

Intake Clerk _m / m_

Estate of _Richard Allen_

File No _3538_ 2 _006_

Will Filed _____ 2 ____

Petition Filed _9 - 29_ 2 _006_

Date of Birth _____

Birth Certificate filed _____ 2 ____

Date of Death _6 - 9_ 2 _006_

Decree signed _10 - 5_ 2006

Letters issued _10 - 6 2006_

Pre Letters Test issued _____ 2 ____

Temp Letters of Adm issued _____ 2 ____

Surety Co _____

Bond Filed _____ 2 ____

Surety Bond No _____ 2 ____

Amount of Bond $_____

Bond Book L _____ P _____

Waivers filed _____ 2 ____

Notice filed _____ 2 ____

Cit returnable _____ 2 ____

Sup Cit returnable _____ 2 ____

_10_
Petition
Death Cert
Conty fee

I certify this to be a correct copy taken from the
Registrar of_____ _Dec A5_____ Vol._____
Page_____in the City of Mount Vernon.

_____     Jacquelin

                                              Registrar

(d) In addition to the value of the personal property stated in paragraph (3) the following right of action existed on behalf of the decedent and survived his/her death, or is granted to the administrator of the decedent by special provision of law, and it is impractical to give a bond sufficient to cover the probable amount to be recovered therein: *[Briefly state the cause of action and the person against whom it exists, including names and carrier.]*   **X** None

(e) If decedent is survived by a spouse and a parent, or parents but no issue, and there is a claim for wrongful death, check here ☐ and furnish name(s) and address(es) of parent(s) in Paragraph 7. *[See EPTL 5-4.4.]*

4. A diligent search and inquiry, including a search of any safe deposit box, has been made for a will of the decedent and none has been found. Petitioner(s) has/have been unable to obtain any information concerning any will of the decedent and therefore allege(s), upon information and belief, that the decedent died without leaving any last will.

5. A search of the records of this Court shows that no application has ever been made for letters of administration upon the estate of the decedent or for the probate of a will of the decedent, and your petitioner is informed and verily believes that no such application ever has been made to the Surrogate's Court of any other county of this state.

6. The decedent left surviving the following who would inherit his/her estate pursuant to EPTL 4-1.1 and 4-1.2: *[Information is required only as to those classes of surviving relatives who would take the property of decedent pursuant to EPTL 4-1.1. State "number" of survivors in each class. Insert "No" in all prior classes. Insert "X" in all subsequent classes.]*

a.   **NO**   Spouse (husband/wife).

b.   **NO**   Child or children or descendants of predeceased child or children. *[Must include marital, nonmarital, and adopted.]*

c.   **NO**   Any issue of the decedent adopted by persons related to the decedent (DRL Section 117).

d.   **NO**   Mother/Father.

e.   **1**   Sisters or brothers, either of whole or half blood, and issue of predeceased sisters or brothers.

f.   **X**   Grandmother/Grandfather.

g.   **X**   Aunts or uncles, and children of predeceased aunts or uncles (first cousins).

h.   **X**   First cousins once removed (children of first cousins).

7. (b) The following are infants and/or other persons under disability:

☐ Schedule A — Nonmarital Persons (Persons Born Out of Wedlock) is Attached

☐ Schedule B — Issue of the Decedent Who Were the Subject of an Adoption is Attached

☐ Schedule C — Infants is Attached

☐ Schedule D — Persons Under Disability Other than Infants is Attached

Name
**None**                                                                Citizenship

Domicile Address: Street and Number

City, Village or Town                    State          ZIP Code      Country

Mailing Address: Street and Number

City, Village or Town                    State          ZIP Code      Country

Relationship

Name                                                                    Citizenship

Domicile Address: Street and Number

City, Village or Town                    State          ZIP Code      Country

Mailing Address: Street and Number

City, Village or Town                    State          ZIP Code      Country

Relationship

Name                                                                    Citizenship

Domicile Address: Street and Number

City, Village or Town                    State          ZIP Code      Country

Mailing Address: Street and Number

City, Village or Town                    State          ZIP Code      Country

Relationship

Name                                                                    Citizenship

Domicile Address: Street and Number

City, Village or Town                    State          ZIP Code      Country

Mailing Address: Street and Number

City, Village or Town                    State          ZIP Code      Country

Relationship

**CITY REGISTER RECORDING AND ENDORSEMENT PAGE**

COUNTY OF ► _New York_

THIS PAGE FORMS PART OF THE INSTRUMENT

TOTAL NUMBER OF PAGES IN DOCUMENT INCLUDING THIS PAGE ► _3_

Block ▼ _2134_    Lot - ONLY IF ENTIRE LOT ▼ _151_    Partial Lots ▼ _P/O_

Premises ▼ _640 W. 158th St._
_New York, N.Y._

NAME ▼ _Raye C. Titus_
ADDRESS ▼ _386 Parkside Ave._
_Brooklyn, NY 11226_

Mortgage Company Name ▼ _Cross County Abstract_
Title Company Number ▼ _CCA 138840n_

PARTY 1 ▼ _Richard T. Allen_
ADDRESS ▼ _692 W. 158th St. NY NY 10032_

PARTY 2 ▼ _Henri Wynn_
ADDRESS ▼ _220 W. 144th St. NY NY 10030_

CHECK THIS BOX IF THERE ARE MORE THAN 2 OF EITHER PARTY ☐

**CITY REGISTER'S USE ONLY — DO NOT WRITE BELOW THIS LINE**

Recorded by (✓) _B_

City Register Serial Number ► _.045149_

Mtge Tax Serial No. �lll
Mtge Amount ▼ $
Taxable Amount ▼ $

Indexed by (x#) _JL_    Verified by (x#)

Exemption (✓)    YES ☐    NO ☐

Block and Lot(s) verified by (✓) _VB_
Address ☐    Tax Map ☐
Date Blocked    Lot(s) ☐

Type: ____ [ ___ ]  [ ___ ]  [System ___ ]

Dwelling Type: [1-6] [5] [6+] [com]

TAX RESERVED ON ABOVE MORTGAGE ▼

Recording Fee ▼ $ _32 —_
Affidavit Fee ___ /P3 ___ $
RPTT Fee ___ /P6 ___ $ _25_
NYCTA ___ HPD-C ☐

County (Basic)    $
City (Add'l)    $
Spec. Add'l    $
TASF    $
MTA    $
NYCTA    $
TOTAL TAX    $

New York State Real Estate Transfer Tax ▼
$ _13.20_  **662111**
Serial Number ► _4_

Apportionment Mortgage (✓)    YES ☐    NO ☐

New York City Real Property Transfer Tax Serial Number ▼ _R 8719_

**RECORDED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

2001 OCT 25    A 10:50

_signature_

Standard N Y B T U Form 8004 - Quitclaim Deed - Uniform Acknowledgment (single sheet)

Form 2216-2

THIS INDENTURE, made the 1st day of October, 2001,

BETWEEN RICHARD ALLEN residing at 642 West 158th Street,
New York, NY 10032

party of the first part, and

HENRY WYNN residing at 229 West 144th Street,
New York, NY 10030

party of the second part,

WITNESSETH, that the party of the first part, in consideration of ten dollars and other valuable consideration paid by the party of the second part, does hereby remise, release and quitclaim unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, City and State of New York, designated on the Tax Map of the City of New York for said Borough, as said Tax Map was on July 6, 1977, as Block 2134 Lot 151 known as 642 West 158th Street.

"Being and intended to be "the same premises known as 642 West 158th Street, New York, NY 10032."

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof, TOGETHER with the appurtenances and the estate and rights of the party of the first part in and to said premises, TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above written

IN PRESENCE OF:

RICHARD ALLEN

THIS SPACE FOR USE OF RECORDING OFFICE

**QUITCLAIM DEED**

STANDARD FORM OF NEW YORK BOARD OF TITLE UNDERWRITERS

Distributed by

**Lawyers Title Insurance Corporation**

Title No. _____

TO

SECTION
BLOCK
LOT
COUNTY OR TOWN
STREET ADDRESS

Recorded at Request of
LAWYERS TITLE INSURANCE CORPORATION

RETURN BY MAIL TO

---

On the 1 day of October in the year 2001
before me, the undersigned, personally appeared
personally known to me or proved to me on the basis of
satisfactory evidence to be the individual(s) whose name(s) is
(are) subscribed to the within instrument and acknowledged to
me that he/she/they executed the same in his/her/their
capacity(ies), and that by his/her/their signature(s) on the
instrument, the individual(s), or the person upon behalf of which
the individual(s) acted, executed the instrument.

(signature and office of individual taking acknowledgment)

BARRY ROSENFELUM
Notary Public, State of New York
No. 4595385
Qualified in Suffolk County
Commission Expires June 29, 2002

**TO BE USED ONLY WHEN THE ACKNOWLEDGMENT IS MADE OUTSIDE NEW YORK STATE**

State (or District of Columbia, Territory, or Foreign Country) of _____ ss:

On the _____ day of _____ in the year _____
before me, the undersigned, personally appeared
personally known to me or proved to me on the basis of
satisfactory evidence to be the individual(s) whose name(s) is
(are) subscribed to the within instrument and acknowledged to
me that he/she/they executed the same in his/her/their
capacity(ies), and that by his/her/their signature(s) on the
instrument, the individual(s), or the person upon behalf of which
the individual(s) acted, executed the instrument.

(signature and office of individual taking acknowledgment)

---

On the _____ day of _____
in the year _____ before me, the undersigned, personally appeared
_____ personally known to me or proved to me on the basis of
satisfactory evidence to be the individual(s) whose name(s) is (are)
subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their
capacity(ies), and that by his/her/their signature(s) on the
instrument, the individual(s), or the person upon behalf of which
the individual(s) acted, executed the instrument, and that such
individual made such appearance before the undersigned in the
_____
(and insert the City or other political subdivision)

_____ in
(and insert the State or Country or other place the acknowledgment was taken).

(signature and office of individual taking acknowledgment)

A. U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

SETTLEMENT STATEMENT

B. TYPE OF LOAN

| 1 X FHA | 2 FmHA | 3 Conv. Unins. |
| 4 VA | 5 Conv. Ins. | |

6 File Number: 06-17962
7 Loan Number:
8 Mortgage Insurance Case Number

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

D. NAME AND ADDRESS OF BORROWER
HENRY WENN
WEST 144TH STREET
NEW YORK, NEW YORK 10032

E. NAME AND ADDRESS OF SELLER
RICHARD J. ALLEN
642 WEST 144TH STREET
NEW YORK, NEW YORK 10032

F. NAME AND ADDRESS OF LENDER
AMERICA'S WHOLESALE LENDER
40 STAFFORD DRIVE,
FARMINGTON, CT 06032

G. PROPERTY LOCATION
642 WEST 144TH STREET
NEW YORK, NEW YORK

H. SETTLEMENT AGENT NAME, ADDRESS AND TIN
DAVID J. Rosenblum, ESQ.
1415 Kellum Place, Garden City, New York
PLACE OF SETTLEMENT

I. SETTLEMENT DATE
10/01/2001

NEW ROCHELLE, NEW YORK

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| 100 GROSS AMOUNT DUE FROM BORROWER: | | 400 GROSS AMOUNT DUE TO SELLER | |
| 101 Contract sales price | 190,000.00 | 401 Contract sales price | 330,000.00 |
| 102 Personal property | | 402 Personal property | |
| 103 Settlement charges to borrower (line 1400) | 20,179.44 | 403 | |
| 104 | | 404 | |
| 105 | | 405 | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106 City/town taxes | | 406 City/town taxes | |
| 107 County taxes | | 407 County taxes | |
| 108 Assessments | | 408 Assessments | |
| 109 | | 409 | |
| 110 | | 410 | |
| 111 | | 411 | |
| 112 | | 412 | |
| 120 GROSS AMOUNT DUE FROM BORROWER | 350,179.44 | 420 GROSS AMOUNT DUE TO SELLER | 330,000.00 |
| 200 AMOUNTS PAID BY OR IN BEHALF OF BORROWER: | | 500 REDUCTIONS IN AMOUNT DUE TO SELLER | |
| 201 Deposit or earnest money | | 501 Excess deposit | |
| 202 Principal amount of new loan(s) | 297,000.00 | 502 Settlement charges to seller (line 1400) | 14,167.96 |
| 203 Existing loan(s) taken subject to | | 503 Existing loan(s) taken subject to | |
| 204 | | 504 Payoff of first mortgage loan WELLS FARGO | 235,953.07 |
| 205 | | 505 Payoff of second mortgage loan | |
| 206 | | 506 | |
| 207 | | 507 | |
| 208 | | 508 | |
| 209 | | 509 | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210 City/town taxes | | 510 City/town taxes | |
| 211 County taxes | | 511 County taxes | |
| 212 Assessments | | 512 Assessments | |
| 213 | | 513 | |
| 214 | | 514 | |
| 215 | | 515 | |
| 216 | | 516 | |
| 217 | | 517 | |
| 218 | | 518 | |
| 219 | | 519 | |
| 220 TOTAL PAID BY/FOR BORROWER | 297,000.00 | 520 TOTAL REDUCTION AMOUNT DUE SELLER | 270,119.97 |
| 300 CASH AT SETTLEMENT FROM/TO BORROWER | | 600 CASH AT SETTLEMENT FROM/TO SELLER | |
| 301 Gross amount due from borrower (line 120) | 350,179.44 | 601 Gross amount due to seller (Line 420) | 330,000.00 |
| 302 Less amounts paid by/for borrower (Line 220) | 297,000.00 | 602 Less reduction in amount due seller (Line 520) | 270,119.97 |
| 303 CASH FROM BORROWER | 53,179.44 | 603 CASH TO SELLER | 59,881.03 |

SELLER'S STATEMENT

The information contained in Blocks E, G, H, and I and on line 401 (or, if line 401 is asterisked, line 403 and 404) is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. You are required by law to provide the Settlement Agent with your correct taxpayer identification number. If you do not provide the Settlement Agent with your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

RICHARD J. ALLEN

(Seller's Signature)

Page 1

L. SETTLEMENT CHARGES

SALE OF REAL ESTATE COMMISSION based on price $ ___ @ ___ % = ___

| | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price | | |
| Division of Commission (line 700) as follows: | | |
| 701. $ to | | |
| 702. $ to | | |
| 703. Commission paid at Settlement | | |
| 704. | | |
| 800. ITEMS PAYABLE IN CONNECTION WITH LOAN | | |
| 801. Loan Origination Fee % | FUNDING | 9,652.50 |
| 802. Loan Discount % | FUNDING | |
| 803. Appraisal Fee to | FUNDING | |
| 804. Credit Report to | FUNDING | 50.00 |
| 805. Lender's Inspection Fee | FUNDING | 16.00 |
| 806. Mortgage Insurance Application Fee to | | |
| 807. Assumption Fee | | |
| 808. CHECK FEE ABBA'S WHOLESALE LENDER | | 25.00 |
| 809. SERVICE FEE AMERICA'S WHOLESALE LENDER | | 23.00 |
| 810. PREMIUM FINANCE AMERICA'S WHOLESALE LENDER | | 475.00 |
| 811. PREMIUM PAID TO BROWN & $1,855,256 E C FUNDING | | |
| 900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | |
| 901. Interest from to @ $ /day | | |
| 902. Mortgage Insurance Premium for | | |
| 903. Hazard Insurance Premium for | | |
| 904. | | |
| 905. | | |
| 1000. RESERVES DEPOSITED WITH LENDER | | |
| 1001. Hazard Insurance months @ $ per month $239.58 per month | | 118.74 |
| 1002. Mortgage Insurance months @ $ | | |
| 1003. City property taxes months @ $ per month | | 587.35 |
| 1004. County property taxes months @ $ per month | | |
| 1005. Annual assessments months @ $ | | |
| 1006. months @ $ | | |
| 1007. months @ $ | | |
| 1008. Aggregate Accounting Adjustment | | -158.34 |
| 1100. TITLE CHARGES | | |
| 1101. Settlement or closing fee to | | |
| 1102. Abstract or title search to COUNTY ABSTRACT | | 650.00 |
| 1103. Title examination to | | |
| 1104. Title insurance binder to | | |
| 1105. Document preparation to | | |
| 1106. Notary fees to | | |
| 1107. Attorney's fees to ___ POSTERIUM | | 413.00 |
| (includes above items numbers: | | |
| 1108. Title insurance to ___ POSTERIUM | | |
| (includes above items numbers: | | |
| 1109. Lender's coverage $ | | |
| 1110. Owner's coverage $ | | |
| 1111. FUNDAMENTALS CROSS COUNTY ABSTRACT | | 480.00 |
| 1112. E C FUNDING | | 550.00 |
| 1113. E C FUNDING | | 50.00 |
| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES | | |
| 1201. Recording fees: Deed $ Mortgage $ 3,172.50 Release $ | | |
| 1202. City/county tax/stamps: Deed $ Mortgage $ | 225.00 | 100.00 |
| 1203. State tax/stamps: Deed $ Mortgage $ | | |
| 1204. TITLE SERVICES CO | 100.00 | 3,325.00 |
| 1205. REVENUE SERVICE | | 1,320.00 |
| 1300. ADDITIONAL SETTLEMENT CHARGES | | |
| 1301. TITLE INSURANCE MORTGAGE TAX $742.50 | 100.00 | 350.00 |
| 1302. | | |
| 1303. TAXATION AND FINANCE | | |
| 1304. TAXES NYC DEPT OF FINANCE | 323.69 | 737.44 |
| 1305. DEALER BOARD | | 1,741.52 |
| 1306. REGISTRATION FEE | 950.00 | |
| 1307. NYC DEPT OF FINANCE | | 100.00 |
| 1308. REGISTRATION & MORTGAGE | | 5,844.00 |
| 1309. TAXES DEPT OF FINANCE | | 20,000.00 |
| 1310. TAXATION AND FINANCE | | 750.00 |
| 1400. TOTAL SETTLEMENT CHARGES (enter on lines 103, Section J and 502, Section K) | 20,173.44 | 34,167.96 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

_____    _____
Borrower                      Borrower

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

_____    12/03/___
Settlement Agent              Date

JOHN JOHNSON & ASSOCIATES
225 BROADWAY – SUITE 700
NEW YORK, NEW YORK 10007
212-566-3019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index Number No.:        CIV#

---

HENRY WYNN
PLAINITFF,

-against-

THE ESTATE OF RICHARD J. ALLEN
LA FORESTINE ALLEN, ADMINISTRATRIX
LA FORESTINE ALLEN, INDIVDUALLY
DEFENDANTS.

---

## SUMMONS AND COMPLAINT

---

TO:                        Service of a copy of the within
                           Is hereby admitted.
Dated:..............07.........

Attorney(s) for  ...........................................

PLEASE TAKE NOTICE:.... Notice of Entry : that the within is a true copy of a duly entered in the office of the Clerk of the within named Court on          , 2007.

NOTICE OF SETTLEMENT: that and order          of which the within is a true copy will be presented for settlement to the HON.          one of the judges of the within named Court, at          on          2007 at Dated,                                   Yours, etc.